THOMAS HARRISON, appellant, *v.* THOMAS SINGLETON, administrator of the estate of GILMAN JEWETT, deceased, appellee.

*Appeal from Monroe.*

Where on appeal, the record does not show that final judgment has been rendered in the Court below, though the verdict of the jury appears in the record, the appeal will be dismissed; — an appeal can only be taken from the judgment of the inferior Court.

On the trial of the right to property levied on by execution, the claimant cannot object to the execution. By proceeding under the law authorizing the trial of the right of property, he admits the validity of the execution, and only claims that it has been levied on his property, and not on the property of the defendant in the execution. If the execution is a nullity, the remedy is by an action of trespass, replevin, or trover against the officer.

An execution from a probate justice of the peace for a sum exceeding $ 100, may be directed to any constable of the county. On a trial of the right of property in the Circuit Court, the jurors need not sign the verdict; they are only required to sign the verdict, where the trial is had before the ministerial officer.

THIS was an appeal from the trial of the right to property levied on by execution in favor of Thomas Singleton, administrator, against Thomas Harrison, for the sum of $ 151;75, debt and costs, issued by Enoch Moore, probate justice of the peace of Monroe county, directed to any constable of said county.

In the Circuit Court, Harrison moved to quash the proceedings in the cause, which motion was overruled, and a trial had, and verdict rendered that the property was subject to the execution. Harrison appealed to this Court. The proceedings were had in the Circuit Court, at the February term, 1838, before the Hon. Sidney Breese.

J. REYNOLDS, J. SHIELDS, and G. P. KOERNER, for the appellant, contended that the justice of probate had no power to issue an execution for a sum exceeding $ 100 ; that an execution for a sum exceeding $100, could not be directed to a constable ; that the officer's return to the execution was insufficient, it being signed, " Jacob Clark," without the addition of any words showing the character in which he acted ; and that the verdict in the Circuit Court was insufficient, because it was not signed by the jurors. They cited R. L. 538 ; Gale's Stat. 587.

LYMAN TRUMBULL, for the appellee, cited C. L. 65, § 7, 657, § 4 ; Gale's Stat. 50 ; 721.

LOCKWOOD, Justice, delivered the opinion of the Court :

It does not appear from the record in this cause, that final judgment has been given in the Circuit Court. There is therefore

nothing to appeal from.    The appeal is dismissed at the appellant's costs.

It appears from the record, that this was a trial of the right of property in the Court below, and that Harrison, the claimant, objected to the execution on which the levy had been made, on the ground that it was a nullity, and had been issued by a court not having jurisdiction.    The Court overruled the objection, and we think properly.

The claimant, if the execution was a nullity, ought to have brought an action of trespass, replevin, or trover for the goods, against the officer, and not have required a trial of the right of property.    By proceeding in this manner, he has admitted the validity of the execution, and only claims that it has been levied on his property, and not on the property of the defendant in the execution.    We are also of opinion that the execution was correctly directed to any constable, and that on a trial in the Circuit Court, the jury need not sign the verdict.    The jury are only required to sign the verdict, where the trial is before the ministerial officer.

*Appeal dismissed.*

*Note.* See Pearce *et al. v.* Swan, 1 Scam. 266; Arenz *v.* Reihle *et al., Idem.* 340; Grimsley *et al. v.* Klein, *Idem.* 343; Sheldon *v.* Reihle *et al.,* 1 Scam.