THE STATE, THOMAS G. FOLWELL, PROSECUTOR, v.
ELIZABETH S. FULLER.

1. A claimant, upon a trial of his title to property which has been levied upon under an execution out of a justice's court, need not prove the execution and levy.

2. The claimant must file with the justice a claim describing the property levied upon which he claims, and the facts which confer jurisdiction upon the justice to issue a *venire*. And if the plaintiff in execution, on the return day of the *venire*, does not challenge the existence of the jurisdictional facts, but obtains an adjournment, and afterwards permits the jury to be sworn and the trial to proceed, he is presumed to have admitted such jurisdictional facts.

The defendant filed with a justice of the peace a claim of property which she had served upon a constable who, she stated in said claim, had levied upon said property under an execution against one Fuller on a judgment in favor of the prosecutor, rendered by Beckwith, a justice of the peace.

The justice with whom the claim was filed issued a *venire*, and notice was given of the time of trial to Folwell, the plaintiff. Folwell appeared and obtained an adjournment.

On the adjourned day the trial proceeded before the jury, and the claimant produced witnesses to support her case. Then the counsel of the plaintiff moved to dismiss the proceedings, on the ground that the claimant did not offer any proof that judgment was given and execution issued by Justice Beckwith and that a "levy" was made thereunder upon the goods claimed, and insisted that such proof was necessary to continue the jurisdiction of the justice. The trial justice took this view of the duty of the claimant, and charged the jury to bring in a verdict for the plaintiff. The jury disregarded the instruction and returned a verdict for the claimant.

Argued at February Term, 1891, before Justices KNAPP and REED.

For the prosecutor, *August Stephany*.

For the defendant, *John J. Crandall*.

The opinion of the court was delivered by

REED, J. The proceedings before us was taken under the provisions in section 59 of the Justice's Court act. *Rev., p.* 550.

That section provides that when a constable, under an execution out of a justice's court, shall levy upon property, and any person, other than the defendant, shall file with him a claim in writing, he shall delay sale for ten days. It then provides that within that period such claimant may apply to a justice of the peace for a *venire* to summon a jury to try the right of such claimant to such property. The justice is to issue the *venire*, and direct that a return be made before him, and to proceed as in other cases of trial by jury. These general provisions are the only guides furnished by the statute as to the course of procedure from the application for a *venire* down to the verdict of the jury.

It is manifest that the direction of the justice was entirely without legal warrant. The proof demanded was of facts which went to the authority of the justice to issue the *venire* and proceed with the trial.

With such jurisdictional facts the jury had no business. The only question upon which the jury could pass was the right of the claimant to the property. If there was absence of any one of the conditions upon which the right to take the proceedings rested, then no verdict should have been rendered, but the writ of *venire* should have been quashed and the proceedings dismissed.

But this action of the justice is not the point of the present controversy. The question involved is whether, upon a trial of an issue before a jury framed upon a claim of property, the burden is upon the claimant to prove the jurisdictional facts upon which the proceedings rest. That these facts must appear upon the record of the justice, is not a matter for dispute. But how and when they are to be presented to the

justice is settled neither by the statute nor by any judicial
utterance. That the time and place for such proof is not dur-
ing the trial before the jury must be admitted, for, as already
observed, the single question to be then submitted is the title
of the claimant.

The right to enter upon the trial of that question is a
matter resting upon facts, the existence of which the jury
have no power to determine.

It is undoubtedly true that there may be occasions when
the levy may be a proper matter for consideration in the trial
before the jury, but such occasions can arise only when the
manner or time of such levy becomes an element in determin-
ing the title of the claimant. Such an occasion might arise,
if it happened that the claimant held his title by a recent
transmission of title from the defendant in execution.

In such a condition of affairs the time of the levy, in re-
spect to the time of the transition of title, might be relevant.

Other instances are mentioned by Mr. Freeman where the
writ of execution may be attacked in an issue to settle the re-
spective rights of a claimant and an execution creditor before
a jury. *Freem. Ex.,* § 277.

But all the cases dealing with the necessity of producing
evidence of the writ and levy are decisions treating of the
order and propriety of such evidence where the title arising
from such levy was in question, and the plaintiff was forced
to rely upon such levy, or the claimant, to attack such levy in
supporting their respective titles.

But upon the trial of this question of title the claimant, as
a rule, cannot question the execution and levy, for by his
claim he admits its validity. *Harrison* v. *Singleton,* 3 *Ill.*
21; *Brown* v. *Hunt,* 31 *Ala.* 136. Nor is he called upon to
prove it, for his title can, in no way, rest upon it. The cir-
cumstances under which the plaintiff in execution has been
held bound to prove his execution and levy are determined
upon the phraseology of the statutes, many of which fix
upon one or the other of the parties the burden of proof.

But it is transparent that none of the cases or statutes or instances mentioned have anything to do with the question in hand, which is, in what manner is jurisdiction to be exhibited? Upon this subject there is entire silence in the reports. In many states an issue is framed by the court out of which the execution issued. The issue is framed, as a matter of course, whenever a claim is filed. Jurisdiction arises to try the question of title by reason of the interposition of the claim. As already observed, by the provisions of our act a claim is served upon the constable, and, by force of the only decision treating of this matter, a copy of the same, or a similar claim in writing, must be filed with the justice as a ground for the issuance of a *venire.*

In the case thus alluded to, *Baird* v. *Johnson,* 2 *Gr.* 120, Mr. Justice Ford, while holding that the jurisdictional facts must appear upon the docket of the justice, clearly intimates that the data, from which such entries may be made by the justice, can be obtained from the written claim of property filed with him.

His language is : " Without a claim of property filed in the justice's court, it does not appear to me that he has any jurisdiction over another magistrate's execution. Until it is presented to him I do not see how he can make up his docket, or know how to form his *venire.*"

It is perceived that, in the preceding case, a judicial direction was indicated in respect of the manner in which the vague statutory provision, that the claimant may apply to a justice, shall be carried into effect.

The result of the decision in Baird. v. Johnson is that application is to be made by filing with a justice a claim in writing, setting out with particularity the property claimed, that an execution has issued out of a justice's court, and that levy has been made under said execution upon the said property, and naming the justice who issued the writ, the constable who executed it, and the names of the parties to the action.

It is further decided in that case that this claim is the foundation of the authority of the justice of the peace to issue the *venire*.

In respect to the course of procedure subsequent to the issue of the *venire*, as I have already remarked, there is no direction in any decision, nor in the statute, aside from the general command that the justice shall proceed therein as in other cases of trial by jury.

It is obvious that the proceeding is intended to afford a simple, summary and economical method of trying the right of property. I conceive, upon careful consideration, that the following course of conduct will conserve the object of the statute, protect the rights of parties in the simplest way, and will not be dissonant from any legal principle.

The claim is filed, stating not only the property concerning the title to which the trial before the jury is to be had, but also the facts upon which the jurisdiction of the justice to issue the *venire* rests.

Notice by direction of the statute is then given to the plaintiff in execution of the return day of the *venire*.

Now the claim of property, filed with the justice, having conferred jurisdiction to issue the *venire*, that jurisdiction continues, unless the existence of some jurisdictional fact is attacked and its non-existence exhibited.

The attack should be made by way of a motion to quash the *venire* and dismiss the proceedings. This motion is in the nature of a plea in abatement. The substance of the objection is that some fact stated in the claim, and upon the presumed existence of which the *venire* was issued, does not, in reality, have an existence.

Pleas of this kind must be interposed *in limine*.

The stage of the proceeding, when the objection upon this ground should be taken, is the return day of the *venire*. It becomes the duty of the plaintiff in execution to make his objection to the validity of the preliminary order before any steps are taken, and before any expense is incurred in enter-

ing upon the trial of the merits of the respective claims of title.

If, therefore, on the return day of the *venire,* instead of moving to quash the writ of *venire* and dismiss the proceedings, the plaintiff in execution takes a step toward the trial of the cause, as by seeking or assenting to an adjournment of the day of trial, he must be presumed to assent to the statement of jurisdictional facts in the claim.

Much more forcible would be such presumption if, as in this case, the plaintiff in execution permits the jury to be returned, sworn and the trial to be partly concluded before any objection on the ground of absence of proof of a jurisdictional fact is interposed.

It may also be well to express an opinion upon the *status* of the parties, in respect of the burden of proof, whenever a motion to quash the writ of *venire* is made upon the ground of the non-existence of one or more of the jurisdictional facts stated.

I think the better view is that the plaintiff in execution is bound to support his motion by evidence.

The language of the act, as construed in Baird v. Johnson, *supra,* as we observed, confers jurisdiction upon the filing of the claim. Reasonably, that jurisdiction continues until rebutted by proof of the inaccuracy of some essential statement in the claim.

The plaintiff in execution is subjected to no hardship by this course of procedure.

The truth or falsity of the statements of the jurisdictional facts are peculiarly within the knowledge of the plaintiff and his officer.

Together they have the facility of easily showing that no such execution was issued or levied, or of disclaiming the same, and that any other fact essential to jurisdiction was absent.

This question, however, is not involved in the present case.

Upon the question presented I conclude that the claimant,

on the trial before the jury, was not bound to prove the judgment, execution and levy.

The failure of the plaintiff in execution to attack the writ upon its return day was an admission of the existence of such jurisdictional facts.

Nor is this conclusion in conflict with the well settled doctrine that consent cannot confer jurisdiction. The justice has jurisdiction over this class of cases. When jurisdiction rests upon facts set forth, so that they may be traversed and disproved, an admission of the truth of the facts is equivalent to proof of the facts. The rule that consent cannot give jurisdiction does not mean that defendant cannot waive objections of facts, or dispense with proof by concession, but that if the facts be taken to be true, the legal questions growing out of them be beyond the jurisdiction, he cannot enlarge the authority or confer powers which have been withheld by the law.

This is the statement of the rule by the American editors of 1 *Sm. Lead. Cas.* 832, in their note to the case of Crepps *v.* Durden.

I think that the verdict brought up should be affirmed, with costs.