| Levinson v. Godfrey. | 79 N. J. L. |
|---|---|

ABRAHAM LEVINSON v. FREEMAN A. C. GODFREY ET AL.

Argued June 1, 1909—Decided November 8, 1909.

Upon the facts recited in the agreed state of the case the direction of a verdict for the claimant in a claim of property under attachment proceedings—*Held*, to be warranted. *Held, also,* that by proceeding to trial without challenging the jurisdictional facts, the appellant cannot urge them as ground for reversal in this court.

On appeal from the District Court of the city of Elizabeth.

Before Justices SWAYZE, TRENCHARD and MINTURN.

For the appellant, *John J. Stamler*.

For the appellees, *Collins & Corbin*.

The opinion of the court was delivered by

MINTURN, J.  Upon a trial of claim of property, made by the defendants, trading as Godfrey Keeler Company, in an attachment suit, wherein Abraham Levinson was plaintiff and Emanuel Altman was defendant, the District Court of Elizabeth directed a verdict in favor of the claimant, from which judgment an appeal has been taken.

The state of the case, as agreed upon by counsel, presents the following facts:

Levinson instituted suit against Altman upon an attachment under the Absconding Debtor act.  The constable, under the writ, on the 2d day of March, 1909, levied upon the property of the defendant, and among other chattels, upon one engine and a boiler, which the claimants in this proceeding allege to be their property, under a bill of conditional sale, made by Altman to them on the 2d day of October, 1908.

Upon the trial the claimants proved the bill of sale by the subscribing witness, and also that certain moneys were due to

them thereunder by Altman. The bill contained the usual covenants, that until payment in full the goods were to remain the property of the vendors, and that in the event of default in payment, they would "have the right to enter, detach and take possession of the property, and remove it under the contract."

Godfrey, one of the claimants, testified to the amount due on the contract, and produced twelve promissory notes made by Altman, pursuant to its terms, one of which was overdue, as well as a payment for the cost of installing the plant.

As between the attaching creditor and the claimants, the bill of sale was properly proved, in view of the fact that no claim was made that it was invalid as against a judgment creditor, purchaser or mortgagee in good faith.

The appellant cannot bring himself within any of the statutory classes, in whose interest the recording of a bill of conditional sale is made necessary in order to be valid (*Pamph. L.* 1898, *p.* 699), for it is manifest from the record that at the time of the trial of this claim, the plaintiff in attachment was not a judgment creditor.

Nor is the fact that the plaintiff in attachment held a mortgage upon these chattels of any consequence, in view of the fact that the attachment suit is based, not upon the mortgage, but upon another and distinct cause of action.

The trial court therefore was correct in overruling the offer to prove the chattel mortgage held by the plaintiff in attachment, which, under the proof, was then undergoing process of foreclosure. Whatever standing the plaintiff in attachment may have under their mortgage, as against this bill of sale, is entirely irrelevant in this proceeding, where the chattels are in custody under an attachment, issued upon an entirely distinct right of action. Nor does the fact that the business books of the claimant, which were offered in evidence for the purpose not of proving the amount due from the vendee to the claimants, but for the purpose of aiding and refreshing the memory of Mr. Godfrey, whose testimony as to the amount due was clear and correct without the books, afford any substantial ground for reversal. In any event, the

appellant was not prejudiced by their admission, and the same may be said of the bookkeeper's testimony, upon whose identification of them the books were admitted.

We think also that the promissory notes of Altman were sufficiently identified as the notes given by Altman concurrently with the bill of sale.

There was evidence sufficient to justify the court in concluding that the property levied upon was the property involved in this claim, and the state of the case, as agreed upon by the appellant, seems to concede the fact. If this were not so, he cannot now challenge the jurisdictional facts. *Folwell* v. *Fuller,* 24 *Vroom* 572.

Our consideration of the remaining questions urged leads us to conclude that they are without substance, and that the judgment should be affirmed.