REBEA D. GRIDLEY, PROSECUTOR IN CERTIORARI, v. THOMAS H. DECKER, DEFENDANT IN CERTIORARI.

Submitted December 3, 1909—Decided February 21, 1910.

When a claim of property is made pursuant to section 62 of the Small Cause Court act (*Pamph. L.* 1903, *pp.* 251, 270), it must appear in the docket of the justice trying the claim that there was an execution or attachment, as the case may be, out of a justice's court, levied by a constable, the parties to the action, that claim was made by notice in writing to the constable and application for a *venire* lodged with the justice who tries the claim of property.

On *certiorari.*

Before Justices SWAYZE, TRENCHARD and PARKER.

For the prosecutor, *George H. Peirce.*

For the defendant, *Frank E. Bradner.*

The opinion of the court was delivered by

PARKER, J. The writ of *certiorari* issued in this case to a justice of the peace, calls for the proceedings before him "in a certain action brought against Thomas H. Decker by one Rebea D. Gridley on a claim of property, with all things touching and concerning the same." The justice's docket as returned is in part as follows:

"Court for the trial of small causes.

"Before E. ........ D. .........., justice of the peace.

"State of New Jersey, County of Essex—*ss.:*

"Rebea D. Gridley *v.* Augustus F. W. Lehman and Thomas H. Decker. On claim of property.

"An application was made before me this 23rd day of March, 1909, by Rebea D. Gridley, through her attorney, George H. Peirce, for the issuance of a *venire* of six men as a jury in the above case as by law made and provided.

"I issued a *venire* in the above-stated case the 24th day of March, 1909, returnable on the 29th day of March, 1909, at two o'clock in the afternoon."

Then follow the usual entries as to the return, the swearing of the jury, the trial, and verdict for the *defendant* as to certain goods specified, and for the *plaintiff* as to "all the balance of the goods and chattels on the schedule of goods as claimed by the *plaintiff.*"

As to these docket entries the case is strikingly similar to *Baird* v. *Johnson,* 2 *Gr.* 120. As in that case, we are informed from other papers sent up with the return that the goods in question were attached by a constable as the property of Willis T. Gridley by virtue of a writ of attachment issued by another justice of the peace at the suit of Decker against said Willis T. Gridley; that the claimant served notice on the attaching constable and made application to the justice for a *venire.* But, as in Baird *v.* Johnson, the docket, which is the record, does not identify the *venire* and trial with the attachment or claim of property, or application to the justice. It does not even say that it was an attachment and not an execution; nor that a claim of property was presented to the justice for trial. The proceedings are therefore erroneous in the first and second respects mentioned in the opinion in the case cited, whose reasoning need not be here repeated. In the later case of *Folwell* v. *Fuller,* 24 *Vroom* 572, 576, it was again held on the authority of Baird *v.* Johnson, that the filing of the claim was essential to his jurisdiction to issue the *venire.* These preliminaries cannot be taken for granted; and the docket is the only official and legal information available to us as to the jurisdiction acquired by the justice. The two cases lay down a

complete scheme of practice, and there seems to be no reason why the rules so carefully laid down therein should not be followed.

For these reasons and on the authority of the cases cited, the proceedings must be set aside. This conclusion makes it unnecessary to discuss the other matters presented in briefs of counsel.